Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5279 | **DATE** | 1/8/2004 |
| **CASE TITLE** | U.S.A. ex rel Jose Perales vs. Roberta Fews | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the forgoing reasons, we deny the Section 2254 petition for a writ of habeas corpus brought by Petitioner Jose Perales. This is a final and appealable order. This case is terminated. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 1 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 16 |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel JOSE PERALES, | ) ) ) | |
| Petitioner, | ) ) | Case No. 00 C 5279 |
| v. | ) ) | District Judge Wayne R. Andersen |
| ROBERTA FEWS, | ) ) | |
| Respondent. | ) ) | |

DOCKETED
JAN 15 2004

## **MEMORANDUM OPINION AND ORDER**

This case is before the Court on the petition of Jose Perales for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, we deny the petition for habeas corpus.

### **BACKGROUND**

Petitioner was convicted of criminal drug conspiracy, unlawful possession of a controlled substance with intent to deliver, and unlawful possession of a controlled substance. He was sentenced to 20 years imprisonment. Petitioner does not challenge the statement of facts set forth in the order of the Illinois Appellate Court affirming his convictions. For purposes of federal habeas review, "a determination of a factual issue made by a *State* court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we will adopt the facts as our own.

On December 6, 1995, police officers followed Petitioner and co-defendant Walter Velasco from a pool hall near Austin and Irving Park to the home of Velasco's sister in Round Lake Beach, Illinois. Officers testified that the driver drove in circles, selected indirect routes, and varied speed greatly in what the officers determined was an apparent effort to prevent police pursuit. Once at the residence in Round Lake Beach, Petitioner and Velasco began carrying

16

items from the house to the automobile. The first item was a large box wrapped with two different types of Christmas wrapping paper. The two then carried out a couple of bags. The bag carried by Petitioner was allegedly unzipped and officers testified that the contents of the bag, several brick-shaped items wrapped in plastic, could be seen.

Officers arrested Petitioner and Velasco. The box contained 40 kilograms of cocaine, and each of the bags also contained several kilograms of cocaine. Petitioner and Velasco were each indicted by the grand jury on various drug and conspiracy charges.

At a pretrial hearing, Velasco moved for his cause to be severed from Petitioner. The trial court, expressing concern that the two co-defendants had conflicting defense theories, granted the motion. After a jury trial in the Circuit Court of Lake County, Illinois, Petitioner was convicted of criminal drug conspiracy, unlawful possession of a controlled substance with intent to distribute and unlawful possession of a controlled substance. Petitioner was sentenced to 20 years imprisonment.

Petitioner appealed his convictions to the Illinois Appellate Court, Second District, arguing that the trial court erred in granting the co-defendant's motion for a severance, that the State did not prove him guilty beyond a reasonable doubt, and that his trial counsel was ineffective. The Illinois Appellate Court affirmed Petitioner's convictions. *People v. Perales*, No. 2-96-0707. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied.

Petitioned filed a petition for post-conviction relief alleging that: 1) the trial court erred by failing to allow character evidence and in failing to instruct the jury on character evidence; 2) he was denied the effective assistance of trial counsel; and 3) he was denied the effective assistance of

appellate counsel. The Circuit Court of Lake County denied Petitioner's post-conviction petition holding, in part, that the issues raised were either waived or barred by *res judicata*.

Petitioner appealed from the denial of his post-conviction petition, and the State Appellate Defender filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating that there were no issues of arguable merit. Petitioner's court-appointed counsel argued that the trial court correctly determined that the issues raised were either waived or were barred by the doctrine of *res judicata*. Petitioner filed a brief in response to counsel's *Finley* motion, and the Illinois Appellate Court affirmed the dismissal of Petitioner's post-conviction petition. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied.

Petitioner then filed the instant petition for writ of habeas corpus, alleging that: 1) he was not proven guilty beyond a reasonable doubt; 2) he was denied his due process right to present a defense and his Sixth Amendment right to effective assistance of trial counsel; 3) he was denied the effective assistance of appellate counsel; and 4) he was denied his right to due process and the equal protection when his post-conviction petition was denied without an evidentiary hearing, and he was denied the right to counsel on post-conviction appeal.

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2245(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law"). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment

3

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default"); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

In this case, exhaustion is not an issue. Respondent concedes that Petitioner has exhausted his state court remedies for purposes of federal habeas review because he has no further avenues in state court through which to challenge his convictions. We now turn to the issue of procedural default.

4

I.  **Procedural Default**

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). In Illinois, a habeas petitioner is required to raise all arguments before the Illinois Supreme Court, even though the Court has discretionary control over its docket. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999).

In the Seventh Circuit, to determine whether a petitioner has forfeited or procedurally defaulted any of his claims, we must look solely to state law. In fact, as the Seventh Circuit has explained, "[f]orfeiture depends on state law, and it is accordingly essential to know whether the state courts have either held that a procedural misstep is a forfeiture, or would so hold if a collateral attack were filed in state court." *McBride*, 74 F.3d at 147.

Petitioner's first claim, that he was not guilty beyond a reasonable doubt, is procedurally defaulted. In order for Petitioner to preserve this claim for federal habeas review, he must provide the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Illinois, "one complete round" is finished once the petitioner has presented the habeas claims, whether on direct appeal or on post-conviction appeal, at each stage of the appellate process, up through and including the Illinois Supreme Court. *See id.* at 847-48; *White v. Godinez*, 192 F.3d

5

607, 608 (7th Cir. 1999). In this case, Petitioner raised this claim on direct appeal to the Illinois Appellate Court, but failed to include the claim in his petition for leave to appeal to the Illinois Supreme Court. Therefore, Petitioner's claim that he was not proven guilty beyond a reasonable doubt is procedurally defaulted.

A federal court may nonetheless address the merits of a procedurally defaulted claim if the petitioner can establish cause and prejudice that would excuse it or, alternatively, establish that he fits within the miscarriage of justice exception to the cause and prejudice rule. *Coleman*, 501 U.S. at 750-51; *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977). Beginning with the cause and prejudice standard, the Supreme Court has interpreted "cause" under this test to be something external to the petitioner which is both beyond his control and which cannot be fairly attributed to him. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish prejudice, the petitioner "must show not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Petitioner has failed to establish cause and prejudice in his petition. Petitioner has failed to show any cause for his failure to raise these issues with the Illinois Supreme Court, such as interference by officials or the unavailability of the factual or legal basis of the claim. Moreover, Petitioner has not shown prejudice because he has not shown that the alleged errors worked to his actual disadvantage and infected the entire trial with constitutional error.

Although Petitioner has failed to establish cause and prejudice to excuse his procedural default, he can still overcome this forfeiture by showing that he fits within the "miscarriage of justice" exception. This exception is limited to those extraordinary cases in which the petitioner

6

is actually innocent of the crime for which he is imprisoned. *Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). Therefore, it requires a colorable claim of actual innocence, as opposed to legal innocence, coupled with an allegation of a constitutional claim. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). The miscarriage of justice exception applies only if the petitioner can demonstrate that it is more likely than not that no reasonable jury would have convicted him in the absence of the alleged defect in the state court proceedings. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In this case, Petitioner has failed to satisfy the miscarriage of justice requirement. While Petitioner makes a bare statement that he has a claim of factual innocence, this claim is unsupported by the evidence. The evidence shows that Petitioner was driving erratically, that Petitioner carried a box and packages containing cocaine to the car. Officers testified that one of the bags was unzipped and packages with plastic wrapping were visible. A search of the containers revealed dozens of kilograms of cocaine. Thus, Petitioner has failed to satisfy the miscarriage of justice exception.

Accordingly, claim one is barred from federal habeas review.

## II. Merits of the Claims Properly Presented

Title 28, United States Code, Section 2254(d) governs the consideration of any claim adjudicated by a state court on its merits. Under that statute, we may grant habeas relief only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(2)(1). Under subsection (d)(2), habeas relief is possible if the state

7

court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court.

The Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), attempted to clarify the applicable standard of review within the meaning of section 2254. The Court noted that the act does not explicitly prescribe a recognizable standard of review for applying either of the statutory clauses. *Id.* at 385. Recognizing the need for further clarification and direction to lower courts, the Supreme Court concluded that the "[the act] plainly sought to ensure a level of 'deference to the determinations of state courts,' as long as those decisions do not conflict with federal law or apply federal law in an unreasonable way." *Id.* at 376. Additionally, the Supreme Court determined that, in passing the statute, "Congress wished to curb delays, to prevent 'retrials' on federal habeas petitions and to give effect to state convictions to the extent possible under the law. When federal courts are able to fulfill these goals within the bounds of the law, [the statute] instructs them to do so." *Id.* Therefore, this Court is directed to apply a deferential review of the state court decision unless it is determined that the state court violated federal law.

A. Ineffective Assistance Of Counsel

Petitioner claims that he was denied the effective assistance of trial and appellate counsel. The standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-prong analysis for determining ineffectiveness of counsel: 1) a showing that counsel's performance was deficient; and 2) a showing that the deficient performance prejudiced the defendant. *Id.* at 678. In order to prevail on his claim of ineffectiveness under the first prong of the *Strickland* test, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* In

8

reviewing the challenged conduct, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* To satisfy the prejudice prong of the *Strickland* test, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* This Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* Rather, "[i]f it is easier to dispose of an ineffective assistance of counsel claim based on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." *Id.*

In this case, Petitioner's second claim in his habeas petition is that he was denied his due process right to present a defense and his Sixth Amendment right to effective assistance of trial counsel because counsel was inexperienced. Specifically, Petitioner alleges that trial counsel failed to: a) offer exculpatory evidence; b) present an effective defense; c) offer witnesses in Petitioner's defense; d) give instructions on theories of defense; and e) object to facts not in evidence.

This claim was made on direct appeal wherein Petitioner argued that, based on a totality of the record, trial counsel was ineffective. The Illinois Appellate Court addressed this issue under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). The Court found that, upon a review of the record in the case, it could not say that Petitioner was prejudiced by any action of counsel, nor could it say that the outcome of the proceedings would have been different. Petitioner was arrested with a large quantity of cocaine in his possession. Both sides presented witnesses to support their claims, and defense counsel extensively cross-examined the

9

State's witnesses. She also presented Petitioner's theory of the case, in both closing and opening argument, and proffered several legally creative jury instructions. See *People v. Perales*, No. 2-96-0707.

Based upon the foregoing, we agree with the Illinois Appellate Court's conclusion that counsel's performance did not fall below an objective standard of reasonableness. Moreover, Petitioner has not shown that, but for counsel's alleged errors, the result of the trial would have been different. Thus, Petitioner cannot show that this decision "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), nor that it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(2). Therefore, Petitioner's claim for habeas relief due to the alleged ineffective assistance of trial counsel is denied.

Petitioner's third claim in his habeas corpus petition is that he was denied the effective assistance of appellate counsel because counsel failed to address and present arguable issues of merit on appeal. Petitioner alleges that counsel's alleged errors denied him subsequent review on post-conviction as the post-conviction court held that the issues were waived or subject to *res judicata* because counsel did not present the arguments properly.

First, to the extent that Petitioner argues that his appellate counsel was ineffective in failing to represent him on post-conviction appeal and, instead, filed a brief based on *Pennsylvania v. Finley*, 481 U.S. 551 (1978), any claim regarding post-conviction counsel is not cognizable in a federal habeas corpus proceeding. There is no constitutional right to counsel in post-conviction proceedings. *See Morrison v. Duckworth*, 898 F.2d 1298, 1301 (7th Cir. 1990);

10

*People ex rel Kelly v. Scott*, 51 F.Supp.2d 910, 912 (N.D. Ill. 1999). Therefore, Petitioner's claim of ineffective assistance of appellate counsel at the post-conviction stage is denied.

As to Petitioner's claim of ineffective assistance of appellate counsel on direct appeal, we find that this claim also is without merit. Petitioner's claim that appellate counsel hastily constructed arguments is belied by the appellate brief. Moreover, we do not find that appellate counsel's appraisal of the merits is flawed in any respect. Therefore, we find that appellate counsel's performance did not fall below an objective standard of reasonableness, nor would the results of the appeal be any different but for counsel's alleged errors. For these reasons, Petitioner cannot show that the state court decision "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), nor "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(2). Thus, Petitioner's claims of ineffective assistance of appellate counsel are denied.

### B. Denial Of Evidentiary Hearing On Post-Conviction Review

Petitioner's fourth claim in his habeas petition is that he was denied his right to due process and the equal protection when his post-conviction petition was denied without an evidentiary hearing, and he was denied the right to counsel on post-conviction appeal. As a rule, a prisoner has no federal constitutional right to an evidentiary hearing on a post-conviction petition that he files in state court. *See Zamora v. Peirson*, 158 F. Supp.2d 830, 835 (N.D. Ill. 2001). However, federal habeas corpus can provide relief from errors in state collateral review when the process violates some separate constitutional right. *Jackson v. Duckworth*, 112 F.3d 878, 879 (7th Cir. 1997).

Petitioner raised three issues in his post-conviction petition: 1) the trial court erred by failing to allow character evidence; 2) Petitioner received ineffective assistance of trial counsel; and 3) Petitioner received ineffective assistance of appellate counsel. In dismissing the petition, the Circuit Court of Lake County, Illinois held that Petitioner had waived the issue regarding character evidence by not presenting it on direct appeal. The Court also held that the issues pertaining to ineffective assistance of trial counsel were barred by *res judicata*.

As an initial matter, we find that the Circuit Court needed no evidentiary hearing to reach its decisions as to the character evidence and ineffective assistance of trial counsel claims. The Circuit Court disposed of those claims based upon Illinois procedural grounds and did not consider the merits of those claims. A federal habeas petitioner has no federal constitutional right to have claims heard that the state court disposed of on state procedural grounds. *See Farmer v. Litscher*, 303 F.3d 840, 846 (7th Cir. 2002). (stating rule that a federal habeas court will not review issues that the state court resolved based upon an independent and adequate state law ground). Therefore, the character evidence and ineffective assistance of trial counsel claims are barred from habeas review.

Moreover, the Circuit Court's refusal to hold an evidentiary hearing on Petitioner's ineffective assistance of appellate counsel claim does not constitute a deprivation of a federal constitutional right. In his post-conviction petition, Petitioner alleges that appellate counsel was ineffective because: 1) her arguments were hastily drawn, incomplete and inadequate; 2) she failed to raise the errors included in the post-conviction petition; and 3) her appraisal of the merits was flawed.

12

We find that Petitioner's bare allegations of ineffectiveness of appellate counsel are not enough to warrant a hearing. Petitioner's allegations are conclusory and do not include enough facts to lead a court to conclude that an evidentiary hearing is necessary. Moreover, the record conclusively demonstrated that Petitioner was not entitled to relief. For all of these reasons, we find that the Circuit Court was justified in refusing to hold an evidentiary hearing.

For these reasons, we find that Petitioner's claims regarding the state court's dismissal of his petition for post-conviction relief are not cognizable. Therefore, we deny Petitioner's request for habeas relief on this ground.

## CONCLUSION

For the foregoing reasons, we deny the § 2254 petition for a writ of habeas corpus brought by Petitioner Jose Perales. This is a final and appealable order. This case is terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: December 8, 2003